IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN HOWARD,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | 8:22CV254<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on Respondent's Motion for Summary Judgment (Filing No. 9), asserting Petitioner's Petition for Writ of Habeas Corpus (Filing No. 1) is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Petitioner replied to Respondent's summary judgment motion indicating Petitioner did not object to Respondent's Statement of Undisputed facts, then Petitioner submitted the matter to this Court for resolution. (Filing No. 11.) Petitioner had nothing further to offer relating to Respondent's motion. (Filing No. 13.)

**FACTS**

    On March 3, 2017, a jury convicted Petitioner, John Howard (Howard), of first-degree sexual assault, sexual assault of a child, and first degree sexual assault of a child in the District Court of Douglas County, Nebraska. (Filing No.11 at 1.) The district court sentenced Howard to consecutive terms of imprisonment of thirty to fifty years for first degree sexual assault, two to three years for sexual assault of a child, and forty-five to sixty years for first degree sexual assault of a child. (Filing No.11 at 1.)

    The Nebraska Court of Appeals affirmed Howard's convictions and sentences on December 4, 2018. (Filing No.11 at 1.) The Nebraska Supreme Court denied Howard's petition for further review on February 12, 2019. (Filing No.11 at 1.)

On February 27, 2020, Howard filed a motion for postconviction relief in state district court, which was denied without an evidentiary hearing in a written order filed on May 19, 2020. (Filing No. 11 at 2.) Howard appealed, and the Nebraska Court of Appeals affirmed the judgment in a published opinion, *State v. Howard,* 961 N.W.2d 560 (Neb.App. 2021). (Filing No. 11 at 2.) The Nebraska Supreme Court denied Howard's petition for further review on July 13, 2021, and issued its mandate on July 27, 2021. (Filing No. 11 at 2.)

## DISCUSSION

Howard filed his habeas petition pursuant to 28 U.S.C. § 2254 in this Court on July 13, 2022. (Filing No. 1.) Respondent argues Howard's petition should be dismissed with prejudice because it is barred by the statute of limitations. (Filing No. 12.) The Court agrees and will dismiss the petition with prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. § 2244(d)(2).

Howard's direct review concluded on February 12, 2019, when the Nebraska Supreme Court denied his petition for further review, and the judgment became final 90 days later on May 13, 2019. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all

2

direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court).  Thus, the one-year statute of limitations began to run, on May 13, 2019.

On February 27, 2020, Howard filed his motion for postconviction relief, which tolled the limitations period. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("The statute of limitations is tolled while state post-conviction or other collateral review is pending").  "[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).

By the time Howard's motion for postconviction relief was filed, a total of 290 days of the limitations period had expired, and the one-year statute of limitations was tolled until July 27, 2021, which is the date the Nebraska Supreme Court issued its mandate. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that a postconviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court).  Accordingly, the limitations period began to run again on July 27, 2021, and Howard had 75 days remaining to file his habeas petition.

Adding 75 days to July 27, 2021, resulted in an end date of Sunday, October 10, 2021, and Monday, October 11, 2021, was a holiday. (Filing No. 12 at 3.)  Thus, the deadline for Howard to file his habeas petition was Tuesday, October 12, 2021. (Filing No. 12 at 3.)

Howard did not file his habeas petition until June 13, 2022, which was 274 days after the statute of limitation expired. (Filing No. 12 at 3.)  Therefore, Howard's habeas petition is time-barred under 28 U.S.C. § 2244(d)(1).

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).  Additionally, in *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

3

There is no evidence before the Court supporting the application of equitable tolling or the miscarriage of justice exception. After careful review of Howard's habeas petition, the Court finds no reason to toll the limitations period or excuse its procedural bar. Consequently, Howard's habeas petition is barred as untimely.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates: (1) where the district court reaches the merits, or (2) where the district court rules on procedural grounds, are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having applied the appropriate standard the Court determines that Howard is not entitled to a certificate of appealability.

Accordingly,

**IT IS ORDERED** that:

1. Respondent's Motion for Summary Judgment (Filing No. 9.) is granted.

2. Petitioner's habeas petition (Filing No. 1.) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 8th day of April, 2025.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge

4